UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL PENSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-403 |
| | § | |
| WARDEN, FCI THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This habeas petition was filed by Christopher Michael Penson, a federal prisoner pursuant to 28 U.S.C. § 2241.[1]  Petitioner is currently incarcerated at FCI-Three Rivers in Three Rivers, Texas.  (D.E. 1, Page 1).  Petitioner seeks to invoke the savings clause of 28 U.S.C. § 2255 to seek relief claiming he is actually innocent of the conduct that formed the basis of his career criminal enhancement.  (D.E. 1, Page 5).  Pending before the Court is Defendant's Motion to Dismiss and Petitioner's response.  (D.E. 7 and D.E. 9).

For the reasons set forth below, the undersigned respectfully recommends Defendant's Motion to Dismiss be **GRANTED** and this action be **DISMISSED**.

I. **JURISDICTION**

Section 2241 petitions must be filed in the district where the prisoner is incarcerated.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

---

[1] This case has been referred to the undersigned Magistrate Judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

Petitioner was incarcerated in Three Rivers, Texas at the time of filing and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124 (b)(6); *see McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted).

## II. BACKGROUND

On October 11, 2012, Petitioner pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C) in the Western District of Texas. (D.E. 7-1, Page 1). On December 13, 2012, Petitioner was sentenced to one hundred and twenty (120) months in the custody of the United States Bureau of Prisons. (D.E. 7-1, Page 2). Petitioner asserts his sentence included an enhancement for being a career offender.[2]

On June 20, 2014, Petitioner filed a motion to vacate his sentence based on ineffective assistance of counsel and abuse of discretion claiming the application of the career offender enhancement was not proper. (D.E. 7-3). On November 17, 2014, Petitioner's motion was dismissed as time barred by United States District Judge Lee Yeakel in the Western District of Texas. (D.E. 7-4). On June 1, 2016, Petitioner filed a Motion for Authorization to File Successive Motion Under 28 U.S.C. § 2255. (D.E. 7-5). Petitioner argued his enhanced sentence was unconstitutional relying on the Supreme

---

[2] When considering Petitioner's motion for authorization to file a successive § 2255 motion, the Fifth Circuit stated "the Government and Penson entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which did not note that the career offender provision was relevant to, or a factor in, the agreed, upon sentence and contained an appeal waiver provision." (D.E. 7-6, Page 2).

Court's decision in *Johnson v. United States*. (D.E. 7-5); *see Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act was unconstitutionally vague). The Fifth Circuit denied Petitioner's motion holding it was not clear whether Petitioner was sentenced based on the residual clause of the United States Sentencing Guidelines[3] and even assuming he was, that *Johnson* did not provide a basis for authorizing a successive § 2255 motion challenging the sentence imposed. (D.E. 7-6, Pages 2-3).

On September 21, 2016, Petitioner filed his petition under 28 U.S.C. § 2241 in this case. (D.E. 1). On January 3, 2017, Defendant filed a Motion to Dismiss. (D.E. 7). On January 17, 2017, Petitioner filed his response. (D.E. 9).

### III. APPLICABLE LAW

A party may move for dismissal under Federal Rule of Civil Procedure 12(b). *See* Fed. Rule Civ. P. 12(b). Rule 12(b) provides a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under rule 19.

Fed. Rule Civ. P. 12(b)(1)-(7).

Federal courts are courts of limited jurisdiction and have "only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State*

---

[3] U.S.S.G. § 4B1.2(a)(2).

*Farm Fire and Gas and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)) (internal quotation marks omitted). The party asserting federal subject-matter jurisdiction has the burden of showing that the jurisdictional requirement has been met. *Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). The court must first consider the Rule 12(b)(1) challenge prior to addressing the merits of the claim. *Id*.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Id*. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## IV. DISCUSSION

Defendant moves to dismiss Petitioner's § 2241 petition on the basis that the Court lacks jurisdiction to adjudicate the claims raised as well as failure to state a claim upon which relief can be granted. (D.E. 7, Page 1). Defendant argues the Court lacks subject matter jurisdiction over the claim because Petitioner is using a § 2241 petition to challenge the validity of his sentence rather than the execution of that sentence. (D.E. 7, Page 3). Defendant asserts Petitioner is trying to circumvent the limitation on filing successive § 2255 motions. (D.E. 7, Page 5). Further, Defendant argues Petitioner cannot satisfy his burden for any of the prerequisites to invoke the savings clause of § 2255. (D.E. 7, Page 6). Petitioner responds by claiming he is actually innocent of the conduct that was the basis for his enhanced sentence as a career criminal. (D.E. 9, Page 1). Petitioner asserts he does not have the ability to bring this claim before any court via § 2255 and his only remedy is to file a § 2241 petition. (D.E. 9, Page 1).

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack*, 218 F.3d at 451. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Id*. This sort of petition must be filed in the same district where the prisoner is incarcerated. *Id*. In contrast, a § 2255 motion provides the primary means for a federal prisoner to collaterally attack the legality of his conviction or sentence. *Id*. (quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under §

2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Lee*, 244 F.3d at 373 n.3 ("a § 2255 petition, which contests the validity of the sentence, must be filed in the sentencing court"). "A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion under § 2255 . . . ." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Section 2255 contains a "savings clause" that acts as a limited exception to this general rule. The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, Petitioner may only bring his claim pursuant to § 2241 by showing that the § 2255 remedy is inadequate or ineffective to test the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam). "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. This requirement for inadequacy or inefficacy is stringent. *See, e.g., Kinder*, 222 F.3d at 214 ("Section 2241 is simply not available to prisoners as a means of challenging a result they previously obtained from a court

considering their petition for habeas relief."); *Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."); *Tolliver*, 211 F.3d at 878 ("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective.").

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Id*.

Petitioner's claims are based on the sentence imposed by the Western District of Texas. Petitioner claims he is actually innocent of the career criminal enhancement and requests this Court vacate the career criminal enhancement and re-calculate his sentence. Since Petitioner's claims relate to the original calculation of his sentence, Petitioner must challenge the sentence through a § 2255 action unless he can satisfy the requirements of the savings clause. However, the Fifth Circuit has consistently held claims of actual innocence relating to a career offender enhancement do not fall under the savings clause of § 2255. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (holding that a challenge to the validity of an enhanced sentence did not fall under the § 2255 savings clause); *Baxter v. Sherrod*, 441 F. App'x. 257, 257-58 (5th Cir. 2011) (per curiam) ("a claim of actual innocence of a career offender enhancement is not a claim of

actual innocence of the offense of conviction and thus does not fall within the savings clause of § 2255(e) and is not cognizable under § 2241") (citations omitted); *Roberson v. Batts*, 644 F. App'x. 282, 282 (5th Cir. 2016) (per curiam) ("his claim that he is 'actually innocent' of the sentence enhancement attacks the manner in which his sentence was initially determined") (citation omitted); *Wyatt v. Warden, Federal Bureau of Prisons*, 538 F. App'x. 390, 391 (5th Cir. 2013) (per curiam) ("A claim of actual innocence for a career-offender sentencing enhancement, however, does not establish actual innocence of the crime of conviction and, thus, does not, pursuant to the § 2255 savings clause, warrant review under § 2241") (citing *Kinder*, 222 F.3d at 213-14; *Padilla*, 416 F.3d 426-27).

  Further, even if the Fifth Circuit did entertain actual innocence claims for sentence enhancements under the savings clause of § 2255, Petitioner has failed to meet his burden to show he is entitled to invoke the savings clause. Petitioner has made no assertions that §2255 relief is inadequate or ineffective other than conclusory statements that he has no recourse. (D.E. 1, Page 5). Assuming the remedy was ineffective or inadequate, Petitioner cannot satisfy the requirements of *Reyes-Requena*. 243 F.3d at 904. Petitioner cannot show that any Supreme Court decision established that he was actually innocent of the charges against him because the decision decriminalized the conduct for which he was convicted. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). At the most, Petitioner could only show he did not satisfy the requirements of the sentence enhancement. Therefore, even if the savings clause under § 2255 was available for

Petitioner's complaint, he would not be able to make the requisite showing in order to invoke it in this case.

Accordingly, the undersigned finds, because Petitioner challenges only the career criminal enhancement to his sentence, Petitioner's § 2241 petition does not fall within the savings clause of § 2255. Therefore, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because it cannot be reviewed under § 2241. Further, if the court were to construe this petition as a § 2255 petition, this Court does not have jurisdiction to consider his § 2255 claims.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED** and this action be **DISMISSED**.

Respectfully submitted this 19th day of January, 2017.

> Jason B. Libby
> United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).